| .DECUIR, Judge.
Dr.' Jeff Lavoy appeals a default judgment rendered in favor of Ms. Enloe Clark and her three adult children for $995,000 in damages allegedly resulting from an act of malpractice. Finding insufficient evidence to support the judgment, we reverse and remand.
Ms. Clark sued Dr. Lavoy in 1994. She alleged in her petition that he committed malpractice by failing to diagnose lung cancer in 1991. When the cancer was detected a year later, it had metastasized to the brain. Ms. Clark was treated with radiation, chemotherapy, and surgery and survived; she was cancer free at the time of the default judgment in 1999.
• When suit was filed in 1994, Dr. Lavoy was alleged to be a resident of Calcasieu Parish. Ms. Clark, however, was unable to obtain service on him. Apparently, he soon moved out of state. The suit was then dormant until 1998 when, pursuant to motion by Ms. Clark, the suit was returned to the active docket.' Service on Dr. Lavoy was attempted via the Long Arm Statute, La.R.S. 13:3204, at an address in Arizona which had been provided by defense counsel.[1] An affidavit, of mailing was filed in the record by Ms. Clark’s counsel in accordance with La.R.S. 13:3205.
*750 Dr. Lavoy did not claim the certified mailing sent to him by Ms. Clark’s counsel, and he did not file responsive pleading's. After the preliminary default taken on April 1, 1999 was confirmed on April 12, 1999, Dr. Lavoy, represented by Susan Severance, filed a motion for new trial which was denied. The motion was based solely on the contention that Dr. Lavoy was not properly served.
13We agree with the trial judge that Dr. Lavoy was properly served. The requirements of the Long Arm Statute were fulfilled as evidenced by the affidavit of mailing and the copy of the certified mailing itself. It is of no consequence that the petition describes Dr. Lavoy as a resident of Calcasieu Parish “at all times pertinent herein.” The affidavit of mailing showed that a new address had been provided to plaintiffs counsel who had previously informed the court that Dr. Lavoy would have to be served via the Long Arm Statute.
In addition to the service of process challenge, the merits of the default judgment are also at issue. Dr. Lavoy contends that Ms. Clark failed to meet the burden of proof articulated in La.R.S. 9:2794. He argues that she did not prove the standard of care applicable to him, nor did she prove that the standard of care was breached and that damages resulted therefrom. Ms. Clark contends that Dr. Lavoy’s failure to diagnose cancer constituted negligence per se, and therefore, she was not required to prove the doctor’s specialty, the standard of care applicable to the specialty, and a breach of the standard of care, as specified in La.R.S. 9:2794. She also contends that she was awarded appropriate damages for the cancer treatments and loss of survival chance that she endured as a result of Dr. Lavoy’s negligence.
Ms. Clark’s claim of negligence per se is premised on the affidavit of Dr. James Gaharan, her treating oncologist. He stated that the brain lesion detected in 1992 was a metastase of the small cell lung cancer “first detected by the chest x-ray of May 2, 1991,” the date of the alleged malpractice. He then stated that the lack of treatment between May 1991 and 1992 allowed for the metastasis to the brain. He explained that the 1992 diagnosis included a survival expectancy median rate of seven to eleven months.
|4Pr. Gaharan said in his affidavit that he reviewed the x-ray report from May 2, 1991. The report was introduced into evidence and contains the following impression:
Apparent small nodular density approximately 1 x 1.5 cm in diameter in the left paratracheal region which is not present on the previous examination. Suggest apical lordotic views for better evaluation.
The report contains no diagnosis and no description of the small nodule other than its size. Further x-rays were suggested.
To infer negligence from these statements is reversible error. While Dr. Ga-haran, an oncologist, may have been adept at diagnosing cancer from a brief radiological report, and with the benefit of hindsight, there is no evidence that Dr. Lavoy, whose specialty is unknown, should have been able to make such a diagnosis. There is no evidence that his failure to make the diagnosis was a breach of the standard of care. There is also no evidence that the damages complained of herein, i.e., a decrease in her chance of survival and serious medical intervention that she would not have otherwise had to endure, would not have occurred had the cancer been diagnosed in 1991 rather than 1992.
Ms. Clark’s cause of action requires proof that the standard of care applicable to Dr. Lavoy meant that he could have diagnosed the cancer in 1991 and should have diagnosed it. For purposes of a de *751 fault judgment under La.Code Civ. Proc. Art. 1702, she had to establish a prima facie case showing that Dr. Lavoy was negligent, in that his treatment of her fell below the standard of care, and that his negligence caused her damages.
At the confirmation hearing, Ms. Clark did not offer evidence of Dr. Lavoy’s specialty or the standard of care applicable to physicians practicing in his specialty. She did not offer evidence that he breached that standard of care. She did not offer inadequate evidence of her damages, which were awarded in compliance with the suggestion of plaintiffs counsel and did not include medical expenses. Rather, she merely suggested, through brief and confusing affidavit testimony, that she suffered a decreased chance of survival, although she did in fact survive beyond five years of the cancer diagnosis. No evidence at all was offered to substantiate the damages asserted by the co-plaintiffs, Ms. Lavoy’s three adult children.
Given the record before us, we are compelled to reverse the default judgment rendered against Dr. Jeff Lavoy. This matter is remanded for further proceedings. Costs of this appeal are assessed to Ms. Enloe Clark.
REVERSED AND REMANDED.

. Defense counsel was Susan Severance, the partner of Nick Gachassin who was Dr. La- *750 voy’s counsel at the time of the medical review panel proceedings and who remained counsel of record for Dr. Lavoy’s former partnership in Lake Charles and its insurer at the time of the default judgment.